**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COTTMAN TRANSMISSION | : | |
|   SYSTEMS, LLC | : | |
|       Plaintiff | : | CIVIL ACTION NO. 09-356-JD |
| | : | |
|   v. | : | |
| | : | |
| MIKE GIBBONS | : | |
| | : | |
|   and | : | |
| | : | |
| AV AUTOMOTIVE, INC. | : | |
|       Defendants/ | : | |
|       Counterclaim Plaintiffs | : | |

## ANSWER AND COUNTERCLAIM OF DEFENDANTS

Defendants, by way of Answer and Counterclaim, say:

1.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 1 of Plaintiff's Complaint, and the averments are, therefore, denied.

2.     Defendants admit the averments of paragraph 2 of Plaintiff's Complaint.

3.     Defendants admit the averments of paragraph 3 of Plaintiff's Complaint.

4.     Defendants admit that there is a dispute between the Plaintiff and Defendants. The remaining averments of paragraph 4 are denied as conclusions of law to which no response is required.

5.     Defendants deny the averments of paragraph 5 as conclusions of law to which no response is required.

6.     Defendants admit that all parties are located within the Eastern District.

7.     Defendants admit the averments of paragraph 7 of Plaintiff's Complaint.

8.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 8 of Plaintiff's Complaint, and the averments are, therefore, denied.

9.      Defendants deny the averments of paragraph 9 as conclusions of law to which no response is required.

10.      Defendants admit that the Center has been advertised in the market in connection with the Cottman name. Averred in addition that Defendants' location has become much better known as "Gibbons Automotive" and/or "Mike's Automotive", solely due to the efforts of Gibbons.  With regard to the remaining averments of paragraph 10, Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 10 of Plaintiff's Complaint, and the averments are, therefore, denied.

11.      Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 11 of Plaintiff's Complaint, and the averments are, therefore, denied.

12.      Defendants admit the averments of paragraph 12 of Plaintiff's Complaint.

13.      Defendants admit that Defendants Gibbons and AV entered into Exhibit "A" with the Plaintiff.  The remaining averments of paragraph 13 are denied as conclusions of law to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.

14.      Defendants deny the averments of paragraph 14 as conclusions of law to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.

15.      Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 15 of Plaintiff's Complaint, and the averments are, therefore, denied.

16.      Defendants deny the averments of paragraph 16 as conclusions of law to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.

17.      Defendants admit that the Defendants have operated the Center under the Cottman name.  With regard to the remaining averments of paragraph 17, Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 17 of Plaintiff's Complaint, and the averments are, therefore, denied.

18.      Defendants deny the averments of paragraph 18 as conclusions of law to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.  As more particularly set forth in the Counterclaim, Plaintiff has breached the agreement with Defendants and is not entitled to franchise fees or other payments under the License Agreement.

19.      Defendants admit that the parties agreed to a ten (10) year term.

20.     Defendants admit that a Notice of Termination letter was received by Defendants. With regard to the remaining averments of paragraph 20, Defendants deny the averments of paragraph 20 as conclusions of law to which no response is required.

21.     Defendants deny the averments of paragraph 21 as conclusions of law to which no response is required.

22.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 22 of Plaintiff's Complaint, and the averments are, therefore, denied.

23.     Defendants admit the averments of paragraph 23 of Plaintiff's Complaint, on information and belief.

24.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 24 of Plaintiff's Complaint, and the averments are, therefore, denied.

25.     Defendants admit that the exterior signs featuring the Cottman name and trademark are still in place.  Defendants deny that Defendants have refused to remove the exterior signs.

26.     Defendants deny the averments of paragraph 26 as conclusions of law to which no response is required.

27.     Defendants admit that the Defendants are operating from the Center location. With regard to the remaining averments of paragraph 27, Defendants deny the averments of paragraph 20 as conclusions of law to which no response is required.

28.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 28 of Plaintiff's Complaint, and the averments are, therefore, denied.

29.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 29 of Plaintiff's Complaint, and the averments are, therefore, denied.

30.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 30 of Plaintiff's Complaint, and the averments are, therefore, denied.  Defendants deny the averments of paragraph 30 as conclusions of law to which no response is required.

31.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 31 of Plaintiff's Complaint, and the averments are, therefore, denied.  Defendants further deny the averments of paragraph 31 as conclusions of law to which no response is required.

32.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 30 of Plaintiff's Complaint, and the averments are, therefore, denied.

33.    Defendants deny the averments of paragraph 33 as conclusions of law to which no response is required.  It is specifically averred, as more particularly set forth in the separate defenses and counterclaim herein, and as shall be developed at trial, that Plaintiff has, by its actions, damaged the Cottman name.   It is averred that Plaintiff has not provided superior services, excellent services or substantial expenditure of resources that support the Cottman mark, and further, that Plaintiff has not generated a valuable reputation for the Cottman mark.

34.    Defendants deny the averments of paragraph 34 as conclusions of law to which no response is required.  Admitted that Defendants have stopped paying fees to Plaintiff

35.    Defendants deny the averments of paragraph 35 as conclusions of law to which no response is required.

36.    The averments of paragraph 36 are unintelligible and cannot be responded to and the averments are, therefore, denied.

37.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 37 of Plaintiff's Complaint, and the averments are, therefore, denied.

38.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 38 of Plaintiff's Complaint, and the averments are, therefore, denied.

## COUNT I

39.    Defendants incorporate by reference their responses to paragraphs 1 through 38 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

40.    Defendants deny the averments of paragraph 40 as conclusions of law to which no response is required.  It is specifically averred by Defendants that Cottman has damaged any goodwill in connection with the Cottman name.

41.    Defendants admit the averments of paragraph 41 of Plaintiff's Complaint.

42.    Defendants admit that the Cottman name is featured in Cottman Yellow Pages advertisements for the Center and in association with the address for the Center.

43.    Defendants deny the averments of paragraph 43 as conclusions of law to which no response is required.   It is specifically denied that Defendants continue to hold

themselves out to the public as "Cottman Transmissions" by virtue of the exterior signage and pre-existing Yellow Pages advertisements for the Center. Defendants have offered no objection to the removal of the exterior Cottman signage and are unable to recall any Yellow Pages advertisements for the Center, which were placed by Cottman, not by Defendants. It is specifically denied that the Defendants hold themselves out to the public as "Cottman Transmissions."

44.     Defendants deny the averments of paragraph 44 as conclusions of law to which no response is required. Defendants admit that the Center's address is associated with the Cottman name in pre-existing advertising in the Yellow Pages. With regard to the remaining averments of paragraph 44, Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 44 of Plaintiff's Complaint, and the averments are, therefore, denied.

45.     It is admitted that the Center address is associated with the Cottman name in pre-existing advertising, including Yellow Pages. The remaining averments of paragraph 45 are unintelligible and cannot be responded to and are, therefore, denied.

46.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 46 of Plaintiff's Complaint, and the averments are, therefore, denied.

47.     Defendants deny the averments of paragraph 47 as conclusions of law to which no response is required. It is specifically denied that Defendants have acted wrongfully, knowingly and purposefully in attempting to damage Plaintiff or with intent to harm Cottman and deceive customers. The averments of paragraph 47 are further denied as conclusions of law to which no response is required.

48.     Defendants deny the averments of paragraph 48 as conclusions of law to which no response is required, but are further denied as averments of damages which are deemed denied and to which no response is required.

49.     Defendants deny the averments of paragraph 49 as conclusions of law to which no response is required.

50.     Defendants deny the averments of paragraph 50 as conclusions of law to which no response is required. The averments of paragraph 50 further constitute a statement of damages and a request for relief which are deemed denied and to which no response it required.

        WHEREFORE, Defendants request this Court to dismiss Count I of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## **COUNT II**

51.     Defendants incorporate by reference their responses to paragraphs 1 through 50 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

52.     Defendants deny the averments of paragraph 52 as conclusions of law to which no response is required.

53.     Defendants deny the averments of paragraph 53 as conclusions of law to which no response is required.  It is denied that the Defendants hold themselves out as a "Cottman Transmission Center."

54.     Defendants deny the averments of paragraph 54 by way of statement of damages to which no response is required.

55.     Defendants deny the averments of paragraph 55 as conclusions of law to which no response is required.

56.     Defendants deny the averments of paragraph 56 as a way of statement of damages to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count II of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT III

57.     Defendants incorporate by reference their responses to paragraphs 1 through 56 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

58.     Defendants deny the averments of paragraph 58 as a statement of damages to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.

59.     Defendants deny the averments of paragraph 59 as conclusions of law to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.

60.     Defendants deny the averments of paragraph 60 as conclusions of law to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.

61.     Defendants deny the averments of paragraph 61 as conclusions of law to which no response is required.

62.      Defendants admit that Plaintiff has provided a Notice of Termination to Defendants.  It is admitted that Defendants are operating independently of Plaintiff.  It is

averred, however, that Defendants do not hold themselves out as transmissions specialists in competition with Plaintiff.

63.      Defendants deny the averments of paragraph 63 as conclusions of law to which no response is required.

64.      Defendants deny the averments of paragraph 64 as conclusions of law to which no response is required.  The averments of paragraph 64 are further denied as a statement of damages to which no response is required.

65.      Defendants deny the averments of paragraph 65 as a way of statement of damages to which no response is required.

66.      Defendants deny the averments of paragraph 66 as a way of statement of damages to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count III of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

<u>**COUNT IV**</u>

67.      Defendants incorporate by reference their responses to paragraphs 1 through 66 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

68.      Defendants deny the averments of paragraph 68 as conclusions of law to which no response is required.

69.      Defendants deny the averments of paragraph 69 as conclusions of law to which no response is required.  It is averred, in addition, that Defendants are operating as a general automotive repair business and are not holding themselves as associated with the Cottman name and trademarks.

70.      Defendants deny the averments of paragraph 70 as conclusions of law to which no response is required.  It is specifically denied that Defendants continue to make use of the Cottman name and trademarks.  It is averred, specifically, that Plaintiff has damaged the Cottman goodwill by its own actions.

71.      Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 71 of Plaintiff's Complaint, and the averments are, therefore, denied.

72.      Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 72 of Plaintiff's Complaint, and the averments are, therefore, denied.

73.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 73 of Plaintiff's Complaint, and the averments are, therefore, denied.

74.     Defendants deny the averments of paragraph 74 as conclusions of law to which no response is required.   Defendants further deny the averments of paragraph 74 as a statement of damages to which no response is required.

75.     Defendants deny the averments of paragraph 75 as a statement of damages to which no response is required.

76.     Defendants deny the averments of paragraph 76 as conclusions of law to which no response is required.

77.     Defendants deny the averments of paragraph 77 as conclusions of law to which no response is required.   Defendants further deny the averments of paragraph 77 as a statement of damages to which no response is required.

78.     Defendants deny the averments of paragraph 78 as conclusions of law to which no response is required.

79.     Defendants deny the averments of paragraph 79 as conclusions of law to which no response is required.   The averments of paragraph 79 are further denied as a statement of damages to which no response is required.

80.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 80 of Plaintiff's Complaint, and the averments are, therefore, denied.

81.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 81 of Plaintiff's Complaint, and the averments are, therefore, denied.   The averments of paragraph 81 are further denied as a statement of damages to which no response is required.

82.     The averments of paragraph 82 are denied as conclusions of law or a statement of damages to which no response is required.


        WHEREFORE, Defendants request this Court to dismiss Count IV of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT V

83.     Defendants incorporate by reference their responses to paragraphs 1 through 82 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

84.     Defendants deny the averments of paragraph 84 as conclusions of law to which no response is required.

85.     Defendants admit the averments of paragraph 85 of Plaintiff's Complaint.  It is further averred that the dispute is also as to whether Plaintiff is in default of the License Agreement.

86.     Defendants deny the averments of paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the averments of paragraph 87 of Plaintiff's Complaint.  It is averred, on the contrary, that Plaintiff has breached the License Agreement and has caused damages to the Defendants which are more particularly set forth in the Counterclaim hereafter.

88.     Defendants deny the averments of paragraph 88 as conclusions of law to which no response is required.

89.     Defendants deny the averments of paragraph 89 as conclusions of law to which no response is required.

90.     Defendants deny the averments of paragraph 90 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count V of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT VI
## FRAUD

91.     Defendants incorporate by reference their responses to paragraphs 1 through 90 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

92.     Defendants deny the averments of paragraph 92 of Plaintiff's Complaint.  It is specifically denied that Defendants engaged in any fraudulent or bogus scheme.  It is specifically averred that Plaintiff was not due license fees because of its own breach of the License Agreement.

93.     Defendants deny the averments of paragraph 93 of Plaintiff's Complaint.

94.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 94 of Plaintiff's Complaint, and the averments are, therefore, denied.

95.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 95 of Plaintiff's Complaint, and the averments are, therefore, denied.

96.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 96 of Plaintiff's Complaint, and the averments are, therefore, denied.

97.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 97 of Plaintiff's Complaint, and the averments are, therefore, denied.

98.     Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 98 of Plaintiff's Complaint, and the averments are, therefore, denied.

99.     Defendants deny the averments of paragraph 99 of Plaintiff's Complaint.

100.    Defendants deny the averments of paragraph 100 of Plaintiff's Complaint.

101.    Defendants deny the averments of paragraph 101 of Plaintiff's Complaint. Defendants further deny the averments of paragraph 101 as conclusions of law to which no response is required.

102.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 102 of Plaintiff's Complaint, and the averments are, therefore, denied

103.    Defendants admit the averments of paragraph 103 of Plaintiff's Complaint that the books, papers and accounts of Defendants are under the sole custody and control of Defendants.  With regard to the remaining averments of paragraph 103, Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 103 of Plaintiff's Complaint, and the averments are, therefore, denied.

104.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 104 of Plaintiff's Complaint, and the averments are, therefore, denied.

105.    Defendants deny the averments of paragraph 105 as conclusions of law to which no response is required.  It is further averred that the License Agreement speaks for itself as to its terms.

106.    Defendants deny the averments of paragraph 106 as a statement of damages to which no response is required.

107.    Defendants deny the averments of paragraph 107 as a statement of damages to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count VI of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT VII

108.    Defendants incorporate by reference their responses to paragraphs 1 through 107 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

109.    Defendants admit the averments of paragraph 109 of Plaintiff's Complaint.  It is further averred that the License Agreement speaks for itself as to its terms.

110.    Defendants deny the averments of paragraph 110 as conclusions of law to which no response is required.

111.    Defendants deny the averments of paragraph 111 as stated.  It is further averred that the License Agreement speaks for itself as to its terms.  It is averred that Defendants had not duty to make continuing license fee payments to Plaintiff because of the breach by Plaintiff of its obligations under the License Agreement.

112.    Defendants deny the averments of paragraph 112 as conclusions of law to which no response is required.

113.    Defendants admit the averments of paragraph 113 of Plaintiff's Complaint that the books, papers and accounts are in the sole custody and control of Defendants.  With regard to the remaining averments of paragraph 113, Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 113 of Plaintiff's Complaint, and the averments are, therefore, denied.

114.    Defendants deny the averments of paragraph 114 as conclusions of law to which no response is required.

115.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 115 of Plaintiff's Complaint, and the averments are, therefore, denied.

116.    Defendants deny the averments of paragraph 116 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count VII of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT VIII

117.    Defendants incorporate by reference their responses to paragraphs 1 through 116 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

118.    Defendants deny the averments of paragraph 118 of Plaintiff's Complaint.  It is further averred that the License Agreement speaks for itself as to its terms.  It is averred, in addition, that due to Plaintiffs breach of the License Agreement, Defendants had no duty to pay any amounts to Plaintiff.

119.    Defendants admit that Defendants have refused to pay any sums demanded by Plaintiff.  With regard to the remaining averments of paragraph 119, Defendants deny the averments of paragraph 119 as conclusions of law to which no response is required.

120.    Defendants deny the averments of paragraph 120 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count VIII of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT IX

121.    Defendants incorporate by reference their responses to paragraphs 1 through 120 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

122.    Defendants deny the averments of paragraph 122, as stated.   The License Agreement speaks for itself as to its terms.  It is specifically denied that Defendants have any duties to Plaintiff under the License Agreement due to Plaintiff's breach of said Agreement.

123.    It is admitted that Defendants have refused to pay any amounts demanded by Plaintiff.  With regard to the remaining averments of paragraph 123, Defendants deny the averments of paragraph 123 as conclusions of law to which no response is required.

124.    Defendants deny the averments of paragraph 124 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count IX of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT X

125.    Defendants incorporate by reference their responses to paragraphs 1 through 124 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

126.    Defendants deny the averments of paragraph 126 of Plaintiff's Complaint. Defendants are under no duty to pay amounts to Plaintiff due to Plaintiff's breach of the agreement between the parties.

127.    Defendants deny the averments of paragraph 127, as stated.   The License Agreement speaks for itself as to its terms.  Defendants deny the remaining averments of paragraph 127 as conclusions of law to which no response is required.

128.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 128 of Plaintiff's Complaint, and the averments are, therefore, denied.

129.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 129 of Plaintiff's Complaint, and the averments are, therefore, denied.  Defendants admit that Defendants have not paid amounts demanded by Plaintiff due to Plaintiff's breach of the agreements between the parties.

130.    Defendants deny the averments of paragraph 130 as conclusions of law to which no response is required.

131.    Defendants deny the averments of paragraph 131 as conclusions of law to which no response is required.

        WHEREFORE, Defendants request this Court to dismiss Count X of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT XI

132.    Defendants incorporate by reference their responses to paragraphs 1 through 131 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

133.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 133 of Plaintiff's Complaint, and the averments are, therefore, denied.  To the extent that Plaintiff refers to an agreement between the parties, the agreement speaks for itself as to its terms.

134.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 134 of Plaintiff's Complaint, and the averments are, therefore, denied.

135.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 135 of Plaintiff's Complaint, and the averments are, therefore, denied.

136.    Defendants deny the averments of paragraph 136 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count XI of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT XII

137.    Defendants incorporate by reference their responses to paragraphs 1 through 136 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

138.    Defendants admit that Defendants have paid advertising fees to Cottman during the course of the relationship between the parties, but that Defendants no longer pay advertising fees to Cottman.    With regard to the averments that Cottman placed advertising for Defendant's Center, Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 138 of Plaintiff's Complaint, and the averments are, therefore, denied.

139.    Defendants deny the averments of paragraph 139 of Plaintiff's Complaint. Defendants deny the averments of paragraph 139 as conclusions of law to which no response is required.    With regard to the remaining averments of paragraph 139, Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 139 of Plaintiff's Complaint, and the averments are, therefore, denied.

140.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 140 of Plaintiff's Complaint, and the averments are, therefore, denied.

141.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 141 of Plaintiff's Complaint, and the averments are, therefore, denied.

142.    Defendants deny the averments of paragraph 142 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count XII of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT XIII

143.    Defendants incorporate by reference their responses to paragraphs 1 through 142 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

144.    Defendants deny the averments of paragraph 144 as conclusions of law to which no response is required.

145.    Defendants deny the averments of paragraph 145 of Plaintiff's Complaint. Plaintiffs believe that they have paid all applicable charges for telephone service.

146.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 146 of Plaintiff's Complaint, and the averments are, therefore, denied.

147.    Defendants deny the averments of paragraph 147 as conclusions of law to which no response is required.

148.    Defendants admit that Defendants have refused to pay Plaintiff any amounts due to Plaintiff's breach of the agreements between the parties.

149.    Defendants deny the averments of paragraph 149 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count XIII of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT XIV

150.    Defendants incorporate by reference their responses to paragraphs 1 through 149 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

151.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 151 of Plaintiff's Complaint, and the averments are, therefore, denied.

152.    Defendants deny the averments of paragraph 152 of Plaintiff's Complaint. Defendants believe that they have paid all applicable and proper telephone charges.

153.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 153 of Plaintiff's Complaint, and the averments are, therefore, denied.

154.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 154 of Plaintiff's Complaint, and the averments are, therefore, denied.

155.    Defendants deny the averments of paragraph 155 as conclusions of law to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count XIV of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## COUNT XV

156.    Defendants incorporate by reference their responses to paragraphs 1 through 155 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

157.    Defendants deny the averments of paragraph 157 of Plaintiff's Complaint.  It is further averred that the License Agreement speaks for itself as to its terms.  It is averred, in addition, that Defendants have no duty to pay Plaintiff any fees pursuant to any agreements between the parties due to Plaintiffs breach of the agreement.

158.    Defendants deny the averments of paragraph 158 as conclusions of law to which no response is required.

159.    Defendants deny the averments of paragraph 159 as conclusions of law to which no response is required.

160     Defendants deny the averments of paragraph 160 as conclusions of law to which no response is required.

161.    Defendants deny the averments of paragraph 161 as a statement of damages to which no response is required.

WHEREFORE, Defendants request this Court to dismiss Count XV of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys'' fees against Plaintiff.

## COUNT XVI

162.    Defendants incorporate by reference their responses to paragraphs 1 through 161 inclusive of Plaintiff's Complaint as though fully set forth at length herein.

163.    Defendants deny the averments of paragraph 163 as conclusions of law to which no response is required.

164.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 164 of Plaintiff's Complaint, and the averments are, therefore, denied.

165.    Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 165 of Plaintiff's Complaint, and the averments are, therefore, denied.

166.   Defendants are without knowledge or information sufficient to admit or deny the averments of paragraph 166 of Plaintiff's Complaint, and the averments are, therefore, denied.

WHEREFORE, Defendants request this Court to dismiss Count XVI of Plaintiff's Complaint with prejudice and tax Defendant's costs and reasonable attorneys' fees against Plaintiff.

## SEPARATE DEFENSES

### First Separate Defense

Plaintiff's Complaint should be dismissed, pursuant to Federal Rule of Civil Procedure Section 12(b)(6), because Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

### Second Separate Defense

The claims for equitable and injunctive relief as set forth in the Complaint are barred by the doctrine of unclean hands.

### Third Separate Defense

The Plaintiff is in breach of the agreements between Plaintiff and Defendants and Plaintiff's claims are, therefore, barred, and Defendants are not otherwise liable in damages to Plaintiff.

### Fourth Separate Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Fifth Separate Defense

Plaintiff's claims should be dismissed because of a failure of consideration.

### Sixth Separate Defense

Plaintiff's actions since the merger of Cottman and AAMCO in March, 2006 constitute abandonment and a de-branding of the Cottman mark, and Plaintiff's claims are, therefore, barred, and Defendants are not liable in damages to Plaintiff.

**Eighth Separate Defense**

Defendants herein assert any and all further or different separate defenses as they may discover during the course of preparation for trial of this case.

**COUNTERCLAIM**

By way of counterclaim against Plaintiff, Defendants say:

1.      Defendants believe and, therefore, aver that Plaintiff/Defendant on the Counterclaim, Cottman Transmission Systems, LLC ("Cottman") is a Delaware Limited Liability Company with its principal place of business located at 201 Gibraltar Road, Suite 150, Horsham, Pennsylvania 19044.

2.      Defendant/Plaintiff on the Counterclaim, Mike Gibbons, ("Gibbons") is an adult individual with a business address at 32 West Baltimore Pike, Media, Pennsylvania 19063.

3.      Defendant/Plaintiff on the Counterclaim, AV Automotive, Inc., ("AV") (Gibbons and AV as Defendants and Plaintiffs on the Counterclaim are collectively referred to as "Defendants") is a Pennsylvania corporation with a principal place of business at 32 West Baltimore Pike, Media, Pennsylvania 19063.

4.      The Counterclaim asserted herein by Defendants is in compliance with Federal Rule of Civil Procedure 13 in that it arises out of the transaction that is the subject matter of Plaintiff's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction.

5.  Defendants incorporate their responses to Paragraphs 1 through 166 inclusive of Plaintiff's Complaint as though same were fully set forth at length herein.

**GENERAL FACTUAL BACKGROUND**

6.      On or about September 9, 2003, Gibbons entered into a License Agreement "License Agreement") with Cottman.  A true and correct copy of the License Agreement, with amendments thereto, is attached to Plaintiff's Complaint as Exhibit "A."  Also appended to Exhibit "A" is a side letter to the License Agreement.

7.      Simultaneously, upon execution of the License Agreement, Gibbons entered into an agreement with Plaintiff whereby the License Agreement was assigned to AV.  A true and correct copy of the transfer of the license AV is attached to the License Agreement which is Exhibit "A" to Plaintiff's Complaint.

**COTTMAN'S OBLIGATIONS AND DUTIES**

8.     Cottman made representations to the Defendants in the License Agreement that Cottman is actively engaged in promoting and expanding the reputation and good will of the name, "Cottman" in connection with the automotive transmission business.

9.     Cottman further promised in paragraph 5(i) of the License Agreement to "continue to develop, promote and protect the good will and reputation associated with the Cottman names and marks and other distinguishing aspects of the SYSTEM."

10.    Cottman promised in paragraph 6 of the License Agreement that it "may add or otherwise modify the operators' manual to protect or maintain the goodwill associated with the Cottman name and marks or to meet competition."

11.    In paragraph 11 of the License Agreement, a duty is placed upon the franchisee not to, "disclose to any person or entity except in the ordinary course of business any data or information contained in the operators' manual . . . (and that the operator) will keep and maintain such data and information and other materials furnished to operator by Cottman as trade secrets.   Cottman itself did not keep confidential the data, information and other materials which were trade secrets in the operators' manual and disclosed them to AAMCO.

12.     Cottman admits in paragraph 6 of the License Agreement that the operators' manual contains confidential information which operator will protect as a trade secret and that its loss will cause substantial damage to Cottman and the System.

13.    Cottman promised in paragraph 9(b) of the License Agreement that advertising fees would not be used for Cottman general operating expenses.

14.    Cottman had the fiduciary duty to spend advertising monies collected from its franchisees properly and in the pursuance of the rights of Cottman dealers.

15.    In paragraph 9(c), the License Agreement requires that except for amounts utilized for national advertising, all monies actually received from an operator of a Center shall be spent for the local or regional market area of the Center.

## THE MERGER OF COTTMAN AND AAMCO

16.    Defendants believe and, therefore, aver, that in 2005, Plaintiff began exploring the option of acquiring or merging with AAMCO Transmission System ("AAMCO") (the "Merger"), another nationally prominent transmission repair system, whose franchisees had been and continue to be long-time competitors to Defendants and other Cottman franchisees.

17.    At the time of the subsequent Merger, Leff admitted that the idea of a merger involving Cottman and AAMCO had been around for quite some time.

18.     Leff stated at the time of the subsequent Merger that after the AAMCO founding partner had died in 2005, Leff developed a plan and started to think about bringing the two companies (AAMCO and Cottman) together.

19.     On or about March 8, 2006, the merger of Cottman and AAMCO was consummated and was announced (referred to above as the "Merger").  Cottman and AAMCO were thereafter owned by the same investors, possibly through the vehicle of investment in American Driveline Systems, Inc.

20.     In announcements to the press, general public and to the transmission and automobile industries, representatives of Cottman announced a strategy, to be accomplished within three years, of converting all Cottman franchisees, such as the Defendants, to AAMCO franchisees (the "Conversion Process").

21.     Pursuant to the Conversion Process, Cottman undertook a vast public relations effort to explain the benefits of becoming AAMCO franchisees to all Cottman franchisees and sent representatives throughout the Cottman franchise system to convince Cottman franchisees that they should convert to the AAMCO name.

22.     At the start of the Conversion Process, there were approximately 500 Cottman franchisees.

23.     As a result of the efforts of Cottman in the Conversion Process, there are now only 125 Cottman franchisees.

24.     Defendants refused to convert to an AAMCO franchise, having spent years competing with AAMCO and building up, enhancing and developing the Cottman name, not only to increase Defendants' income but also benefitting the Cottman System in the process.

25.     Following the Merger, Cottman attempted to "splice" the Cottman manual for transmission repair, which contained proprietary and confidential information and trade secrets, into the AAMCO manual to achieve an improved AAMCO manual.

26.     As a direct result of the actions of Cottman, Defendants and other Cottman franchisees were damaged, decreasing in numbers due to Cottman's efforts and rendered a significantly weaker force in the transmission repair industry, while, as a direct result of the Cottman efforts, the AAMCO system became more dominant in the transmission repair industry.

27.     Cottman knew that its relationships with Cottman franchisees would be damaged and fractured at the start of and as a result of the Conversion Process, but Cottman pressed forward with its strategy, believing AAMCO to be a more recognizable national name.  Cottman single purpose was to operate the merged franchise system under the AAMCO name only.

28.     Cottman's efforts, beginning with the Merger, were intended to promote and expand the reputation and good will of the name and trademark "AAMCO" in connection with the automotive transmission business and were not intended to promote and expand the reputation and good will of the name and trademark "Cottman".  Cottman's efforts were not intended to develop, promote and protect the good will and reputation associated with the Cottman name and marks and other distinguishing aspects of the Cottman system.

29.     Commencing with the Merger and extending to the present time, Cottman did not attempt to establish new Cottman franchisees.

30.     Commencing with the Merger and extending to the present time, Cottman did not seek to convert any AAMCO franchisees to Cottman franchisees.

31.      At the announcement of the Merger on March 8, 2006, Cottman's president, Todd Leff, as a duly authorized representative of Cottman, stated that the combined company (Cottman and AAMCO) would eventually operate as AAMCO Transmissions . . . Cottman Transmission Centers are expected to transition to the AAMCO name. Additionally, Leff stated that the merger had created "a new AAMCO" and that "Cottman Centers are expected to convert to doing business under the AAMCO name over the next three years."

32.     Leff stated at the time of the Merger that although the transaction was a merger, that the Cottman brand would be largely absorbed by AAMCO and Cottman franchisees would be given the option of converting their franchises to AAMCO franchises in an effort to increase the profile of the brand (AAMCO).  Leff stated that the reason for tilting the merger toward the AAMCO brand was based on the simple fact that many more people knew the AAMCO name.

33.     Cottman was well aware at the commencement of and during the Conversion Process and to the present time that the actions to move Cottman franchisees to the AAMCO brand were actions that Cottman dealers might well believe not to be in their own best interests.

34.     Defendants believe, and, therefore, aver, that Cottman, following the Merger, de-emphasized advertising for Cottman franchisees and diverted advertising monies away from Cottman franchisees to marketing and advertising for AAMCO Centers and/or for Cottman's general operating expenses.

37.  The actions of Cottman constituted an abandonment of the Cottman name and marks and resulted in "de-branding" the name in the market, all to the detriment of Defendants.

35.     In the period of March 8, 2006 to March 8, 2009, Defendants paid Cottman in excess of $25,000.00 pursuant to the License Agreement requirement to pay Six Hundred and Ninety-Five Dollars ($695.00) per week for advertising.

36.     In the period March 8, 2006 to March 8, 2009, Defendants paid franchise fees in excess of $175,000.00 to Cottman pursuant to the License Agreement requirement of 7 ½ per cent (7.5%) of gross transmission repair revenues.

## COUNT I- BREACH OF CONTRACT

37.     Defendants incorporate by reference the averments contained in Paragraphs 1 through 36 inclusive as though fully set forth herein.

38.     The actions of Cottman, as set forth in the Counterclaim, constitute clear, intentional and unjustified breaches of the License Agreement between Cottman and the Defendants as follows:

    (a) Cottman did not act to develop, promote, protect or maintain the goodwill and reputation associated with the Cottman name and marks;

    (b) Cottman acted to develop, promote, protect and maintain the goodwill and reputation associated with the AAMCO name and marks, to the detriment of Defendants and other Cottman franchisees;

    (c) Cottman did not actively promote and expand the reputation and good will of the name "Cottman";

    (d) Cottman released confidential data, information and other materials which were trade secrets from Cottman manuals to AAMCO franchisees;

    (e) Cottman used advertising fees collected from Defendants for Cottman general operation expenses;

    (f) Cottman did not use fees received from the Defendants for national advertising for the Cottman name or for the local or regional market of the Defendants;

    (g) Cottman attempted to and did, in fact, diminish the Cottman System franchises by converting them to AAMCO franchises, making the AAMCO franchise system more dominant in the market and making the Cottman system significantly weaker, all to the detriment of the Defendants and other remaining Cottman franchisees;

    (h) Cottman sought to add new AAMCO franchises but did not seek to add new Cottman franchises and

    (i) Cottman committed such other breaches of the License Agreement as may be revealed during discovery.

39.   By virtue of Cottman's breaches, Cottman has forfeited any rights to claim monies from the Defendants pursuant to any requirements that may be set forth in the License Agreement and is liable in damages to Defendants for the sums paid by them to Cottman since the time of the Merger.

WHEREFORE, Defendants/Plaintiffs on the Counterclaim demand judgment against the Plaintiff/Defendant Count I of the Counterclaim in an amount in excess of Seventy-Five Thousand Dollars, exclusive of interest and costs, and for such other relief as the Court may deem proper and just in the circumstances and for the costs and reasonable attorneys fees of Defendants/Plaintiffs on the Counterclaim in these proceedings.

## COUNT II—BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING

40.   Defendants incorporate by reference herein the averments set forth in Paragraphs 1 through 39 inclusive as though same were fully set forth at length herein.

41.   Implicit in the License Agreement between the Parties were the covenants that each Party act with good faith and in fair dealing with the other.

42.   Cottman's actions as set forth herein constitute breaches of the duties of good faith and fair dealing, and Cottman's actions have caused damage to the Defendants as averred herein.

WHEREFORE, Defendants/Plaintiffs on the Counterclaim demand judgment against the Plaintiff/Defendant on Count II of the Counterclaim in an amount in excess of Seventy-Five Thousand Dollars, exclusive of interest and costs, and for such other relief as the Court may deem proper and just in the circumstances and for the costs and reasonable attorneys fees of Defendants/Plaintiffs on the Counterclaim in these proceedings.

*/s/ Stephen H. Palmer*

_____
STEPHEN H. PALMER, ESQUIRE
PALMER & GRAY LLP
Attorney I.D. No. 16886
301 Lindenwood Drive, Suite 217
Malvern, PA  19355
(610) 647-4555
Attorney for Defendants
Mike Gibbons and AV Automotive, Inc.

DATED: March 16, 2009