IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC<br>Plaintiff,<br>v.<br>MIKE GIBBONS<br>and<br>AV AUTOMOTIVE, INC.<br>Defendants. | No.   09-cv-356 |

### PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

Plaintiff, Cottman Transmission Systems, LLC ("Cottman"), by and through its undersigned counsel, hereby responds to the Counterclaim of Defendants, Mike Gibbons ("Gibbons") and AV Automotive, Inc. ("AV"), as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied. Cottman incorporates paragraphs 1 through 166 of its Complaint as though set forth at length herein.

6. Admitted in part and denied in part. It is admitted that the License Agreement, dated September 9, 2003, between Cottman and Defendants along with some of its appendices are attached to the Complaint at Exhibit "A". It is denied that Exhibit "A" contains all appendices. Through administrative oversight, Appendix C to the License Agreement was not attached at Exhibit "A" to the Complaint. Appendix C was made part of the License Agreement and expressly addresses Cottman's rights concerning the Cottman telephone numbers for the

Center. A true and correct copy of Appendix C to the License Agreement is attached hereto and made a part hereof at Exhibit "A".

7. Admitted. By way of further answer, the Transfer of License additionally provides that notwithstanding the transfer to Defendant AV, Gibbons shall remain personally liable to Plaintiff under the terms of the License Agreement.

8. Denied. Defendants refer to the License Agreement which is a writing that speaks for itself. Any characterization of that writing is denied.

9. Denied. Defendants refer to the License Agreement which is a writing that speaks for itself. Any characterization of that writing is denied.

10. Denied. Defendants refer to the License Agreement which is a writing that speaks for itself. Any characterization of that writing is denied.

11. Denied. Defendants refer to the License Agreement which is a writing that speaks for itself. Any characterization of that writing is denied.

12. Denied. Defendants refer to the License Agreement which is a writing that speaks for itself. Any characterization of that writing is denied.

13. Denied. Defendants refer to the License Agreement which is a writing that speaks for itself. Any characterization of that writing is denied.

14. Denied. To the contrary, Cottman has no such fiduciary duty. *Cottman Transmission Systems, LLC v. Kershner*, 536 F.Supp.2d 543. 556-57 (E.D.Pa. 2008).

15. Denied. Defendants refer to the License Agreement which is a writing that speaks for itself. Any characterization of that writing is denied.

16. Denied. At no time did Cottman explore acquiring or merging with AAMCO Transmission Systems, Inc. ("AAMCO").

17. Denied. There was no corporate merger between Cottman and AAMCO. To the contrary, a third party - who also had an ownership interest in Cottman - purchased AAMCO.

18. Denied. There was no corporate merger between Cottman and AAMCO. To the contrary, a third party - who also had an ownership interest in Cottman - purchased AAMCO.

19. Denied. There was no corporate merger between Cottman and AAMCO. To the contrary, a third party - who also had an ownership interest in Cottman - purchased AAMCO.

20. Denied. Cottman did not announce or have a "strategy" to convert all Cottman franchisees to AAMCO franchisees within three (3) years.

21. Denied. Cottman did not undertake a "vast public relations effort" to convert its franchisees to the AAMCO brand. To the contrary, Cottman's policy was simply that it would allow those franchisees to convert who wished to convert, provided they qualified for conversion.

22. Denied.

23. Denied. See Cottman's response to paragraph 20 above, which is incorporated herein.

24. Denied. Cottman did not attempt to convert Defendants' franchise. After reasonable investigation, Cottman does not know whether Defendants "refused" the requests of any third parties to convert.

25. Denied. At no time did Cottman share its confidential and proprietary information and trade secrets with AAMCO.

26. Denied. It is denied that Defendants were in any way damaged by the transaction whereby AAMCO was acquired by a third party. To the contrary, the value of Defendant's

business has grown since the transaction. The remaining averments of this paragraph of the Counterclaim, to the extent they are relevant, are denied.

27. Denied. Cottman has not acted with the intent to damage its relationship with Defendants. To the contrary, it was Defendants who knowingly acted in violation of their franchise relationship and with intent to deceive Cottman when Defendants executed their continuing scheme to under report Center sales to Cottman. The remaining averments of this paragraph of the Counterclaim, to the extent they are relevant, are denied.

28. Denied. Cottman at no time has Cottman acted with the intent to promote and expand the reputation and good will of AAMCO. To the contrary, Cottman has continuously acted to promote and expand the reputation and good will of Cottman. The remaining averments of this paragraph of the Counterclaim, to the extent they are relevant, are denied.

29. Denied. To the contrary, Cottman has - on a continuing basis – sought out and executed new license agreements with new Cottman franchisees.

30. Denied. The averments of this paragraph of the Counterclaim, to the extent they are relevant, are denied.

31. Denied. It is denied that Todd Leff, acting in his capacity as president of Cottman, made such statements.

32. Denied. It is denied that Todd Leff, acting in his capacity as president of Cottman, made such statements. Cottman's policy was simply that it would allow those franchisees to convert who wished to convert, provided they qualified for conversion.

33. Denied. Cottman did not seek to convert its franchisees away from the Cottman brand. The remaining averments of this paragraph of the Counterclaim, to the extent they are relevant, are denied.

34. Denied. Cottman continued to advertise its centers in accordance with its obligations under its license agreements.

37.[sic] Denied. Defendants set forth incorrect conclusions of law which are denied.

35. Denied. It is denied that Defendants paid the fees to Cottman it was required to pay under the License Agreement. To the contrary, Defendants knowingly acted in violation of License Agreement and with intent to deceive Cottman when Defendants executed their continuing scheme to under report Center sales to Cottman.

36. Denied. It is denied that Defendants paid the fees to Cottman it was required to pay under the License Agreement. To the contrary, Defendants knowingly acted in violation of License Agreement and with intent to deceive Cottman when Defendants executed their continuing scheme to under report Center sales to Cottman.

## **Counterclaim Count I**

37. Denied.

38. Denied.

   (a) Cottman did at all times act to develop, promote, protect and maintain the goodwill and reputation associated with the Cottman name and marks;

   (b) Cottman did at all times act to develop, promote, protect and maintain the goodwill and reputation associated with the Cottman name and marks. The remaining averments of this subparagraph of the Counterclaim, to the extent they are relevant, are denied;

   (c) Cottman did at all times promote and expand the reputation and good will of the "Cottman" name;

(d) At no time did Cottman share its confidential and proprietary information and trade secrets with AAMCO;

(e) After the transaction, Cottman continued to advertise its centers in accordance with its obligations under its license agreements;

(f) After the transaction, Cottman continued to advertise its centers in accordance with its obligations under its license agreements;

(g) It is denied that Defendants were in any way damaged by the transaction whereby AAMCO was acquired by a third party. To the contrary, the value of Defendant's business has grown since the transaction. The remaining averments of this subparagraph of the Counterclaim, to the extent they are relevant, are denied;

(h) Cottman did not seek to convert its franchisees away from the Cottman brand. The remaining averments of this subparagraph of the Counterclaim, to the extent they are relevant, are denied; and

(i) Cottman at all times acted in accordance with the License Agreement.

39. Denied. Defendants set forth incorrect conclusions of law which are denied.

WHEREFORE, with respect to Defendants' Counterclaim, Plaintiff Cottman Transmission Systems, LLC requests judgment in its favor and against Defendants, and that Cottman be awarded its attorney fees and costs.

### Counterclaim Count II

40. Denied.

41. Denied.

42. Denied. Defendants set forth incorrect conclusions of law which are denied.

WHEREFORE, with respect to Defendants' Counterclaim, Plaintiff Cottman Transmission Systems, LLC requests judgment in its favor and against Defendants, and that Cottman be awarded its attorney fees and costs.

Respectfully Submitted,

| | |
|---|---|
| 5/20/09 | /s/William B. Jameson |
| DATE | James Goniea |
| | Attorney ID no. 207313 |
| | William B. Jameson, Esquire |
| | Attorney ID no. 58949 |

Attorneys for Plaintiff
Cottman Transmission Systems, LLC
201 Gibraltar Road, Suite 150
Horsham, PA 19044
(215) 643-5885

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC<br>　　　Plaintiff,<br>　　v.<br>MIKE GIBBONS<br>　　and<br>AV AUTOMOTIVE, INC.<br>　　　Defendants. | No.   09-cv-356 |

## CERTIFICATE OF SERVICE

William B. Jameson, hereby certifies that he did serve on this __20th__ day of May, 2009, the attached Plaintiff's Answer to Defendants' Counterclaim, via U.S. Regular Mail, postage prepaid, to the following counsel:

Stephen H. Palmer, Esq.
Palmer & Gray LLP
301 Lindenwood Drive, Suite 217
Malvern, PA  19355


__5/20/09__　　　　　　　　　　　　__/s/William B. Jameson__
DATE　　　　　　　　　　　　　　William B. Jameson, Esquire
　　　　　　　　　　　　　　　　　Attorney ID no. 58949

　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　Cottman Transmission Systems, LLC
　　　　　　　　　　　　　　　　　201 Gibraltar Road, Suite 150
　　　　　　　　　　　　　　　　　Horsham, PA  19044
　　　　　　　　　　　　　　　　　(215) 643-5885