MATTHEW HANNA, ESQUIRE
ATTORNEY I.D. NO. 35328
319 WEST FRONT STREET
MEDIA, PA  19063
(610) 892-9201

                                          ATTORNEY FOR
                                          GIBBONS AUTOMOTIVE, INC

---

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

COTTMAN TRANSMISSION SYSTEMS, INC

vs.                                              Civil Action #09-cv-356

MIKE GIBBONS

and

AV AUTOMOTIVE, INC

ORDER

    AND NOW this          day of September, 2009, it is hereby ORDERED and DECREED that the subpoena issued to Gibbons Automotive, Inc. is hereby QUASHED.

                                          BY THE COURT:

                                                                     J.

MATTHEW HANNA, ESQUIRE
ATTORNEY I.D. NO. 35328
319 WEST FRONT STREET
MEDIA, PA  19063
(610) 892-9201

                                                ATTORNEY FOR
                                                GIBBONS AUTOMOTIVE, INC

---

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

COTTMAN TRANSMISSION SYSTEMS, INC

vs.                                                   Civil Action #09-cv-356

MIKE GIBBONS

and

AV AUTOMOTIVE, INC

## MOTION TO QUASH SUBPOENA PURSUANT TO RULE 45

AND NOW, comes Gibbons Automotive, Inc. by their attorney, Matthew Hanna, Esquire and respectfully represents the following:

1. Petitioner is a Pennsylvania corporation duly registered to conduct business in the Commonwealth of Pennsylvania.  The registered address of the Corporation is 32 West Baltimore Pike Media, PA 19063.

2. Petitioner is in receipt of the attached subpoena for deposition scheduled for September 28, 2009.  In addition, the subpoena contains a request for an extensive list of documents.

3. Petitioner is not a party to the current action and is a separate legal entity duly registered with the Commonwealth.

4. The subpoena requests business records of the Petitioner which contains privileged and/or confidential information.

5. The subpoena further requests information the scope of which is unduly burdensome.

6. The subpoena essentially requests every business record generated by Petitioner for the last six years.

7. Petitioner is not a party to the underlying litigation and thus should not be subjected to the disclosure of confidential business records.

8. Further, Petitioner asserts that the request for the business records is solely designed to cause financial harm to Petitioner.

WHEREFORE, Petitioner, Gibbons Automotive, Inc., prays this Honorable Court quash the attached subpoena.

Respectfully submitted,

_____
Matthew Hanna, Esquire
Attorney for Gibbons
Automotive, Inc.

MATTHEW HANNA, ESQUIRE
ATTORNEY I.D. NO. 35328
319 WEST FRONT STREET
MEDIA, PA 19063
(610) 892-9201

                                      ATTORNEY FOR
                                      GIBBONS AUTOMOTIVE, INC

---

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

COTTMAN TRANSMISSION SYSTEMS, INC

vs.                                                 Civil Action #09-cv-356

MIKE GIBBONS
and
AV AUTOMOTIVE, INC

## MEMORANDUM OF LAW

    Fed.R.Civ.P. 45 sets forth specific requirements for quashing or modifying a subpoena.

    (3) Quashing or Modifying a Subpoena

        (A) When Required. Upon timely motion, the issuing court must quash or modify a subpoena that:

            ...(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

            (iv) subjects a person to undue burden.

        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

        (i) disclosing a trade secret or other confidential research, development or commercial information;

In the present matter, the subpoena requests essentially the entire business records of the Petitioner for the past six years. The material requested contains confidential business information, tax records and customer information for an entity which is not a party to the litigation.

The volume of the material requested is enormous in scope and may not be relevant to the litigation which is pending. It is asserted that the sole purpose of the subpoena is to disrupt the business operations of Petitioner who is not party to the underlying litigation. The notion is that the business is related to the defendant/counter-plaintiff and is being made a de facto party.

As a consequence, it is respectfully submitted that the subpoena in the above matter be quashed.

                                          Respectfully submitted,

                                          Matthew Hanna, Esquire
                                          Attorney for Gibbons
                                          Automotive, Inc.

MATTHEW HANNA, ESQUIRE
ATTORNEY I.D. NO. 35328
319 WEST FRONT STREET
MEDIA, PA  19063
(610) 892-9201

ATTORNEY FOR
GIBBONS AUTOMOTIVE, INC

---

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

COTTMAN TRANSMISSION SYSTEMS, INC

vs.                                       Civil Action #09-cv-356

MIKE GIBBONS
and
AV AUTOMOTIVE, INC

### CERTIFICATE OF SERVICE

I, Matthew Hanna, Esquire, certify that a true and correct copy of the Motion to Quash Subpoena was served upon the undersigned parties by first-class mail, postage prepaid:

William B. Jameson, Esquire
201 Gibraltar Road
Horsham, Pennsylvania 19044

Attorney for Cottman Transmission

Stephen H. Palmer, Esquire
Valleybrooke Corporate Center
301 Lindenwood Drive
Suite 217
Malvern, Pennsylvania 19355

Attorney for Mike Gibbons and AV Automotive, Inc.

Date: 9/24/2009

Matthew Hanna, Esquire